**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-40030-01-JAR |
| | ) | |
| **TAJUAN CARVELL BROOKS,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

On July 23rd, 2012, Defendant pled guilty to all counts in a five-count Indictment (Doc 47). On October 31, 2012, Defendant was sentenced by this Court on those five counts (Doc. 57). On November 12, 2012, Defendant filed a notice of appeal to the Tenth Circuit (Doc. 59). This matter now comes before the Court on Defendant's pro se Motion to Dismiss for lack of jurisdiction (Doc. 62).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[1] The Court retains authority only to decide certain collateral matters, like sanctions or release pending appeal.[2] Accordingly, this Court does not have jurisdiction to consider Defendant's motion to dismiss for lack of jurisdiction; he may only pursue it as part of his appeal.

_____

[1]*Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982) (per curiam); *see also United States v. Meyers*, 95 F.3d 1475, 1489 n.6 (10th Cir. 1996).

[2]*United States v. Carbajal–Moreno,* 332 F. App'x 472, 477 (10th Cir. 2009).

1

**IT IS THEREFORE ORDERED BY THE COURT** that the Motion to Dismiss (Doc.

62) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: November 29, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE